May Term,
1860.

Mills
v.
Gould.

*D. C. Chipman*, for the appellants.

———————  ·—◦—•—·—  ———————

Mills and Another *v.* Gould and Another.

The taking of collaterals to secure the payment of a promissory note, does not bar a suit upon it.

Saturday,
June 2.

APPEAL from the *Porter* Court of Common Pleas.

*Per Curiam.*—Suit by the appellants against the appellees, on a note for 316 dollars.

The defense relied upon was, that the plaintiffs had received from the defendants notes and accounts to the amount of the note sued on, as collateral security for the payment thereof, a part of which had been collected, and all of which might have been collected by the exercise of reasonable diligence—none of which notes and accounts had been returned or tendered to the defendants.

The cause was tried by the Court, who found for the defendants, and rendered judgment, over a motion by the plaintiffs for a new trial.

On the trial, the plaintiffs gave in evidence the note sued on, and the defendants gave in evidence the following receipt, given by the plaintiffs to the defendants, viz.:

"Received of *Gould* and *Cross*, 170 dollars, 82 cents' worth of accounts, and 129 dollars' worth of notes, as collateral security, to be collected at the costs of *Gould* and *Cross*. *Valparaiso, December* 30, 1855. *Mills & Co.*"

It was proved that one of the notes mentioned in the receipt could not have been collected at any time since the date of the receipt. It was proved that the plaintiffs had collected of the notes and accounts 266 dollars, 30 cents, the collection of which was worth 19 dollars, 97 cents. This was all the evidence. On the trial the defendants' attorney demanded of the plaintiffs' attorney "the production of the balance of the notes mentioned in the receipt, without giving any notice of the demand, or asking any order of the Court in reference to the notes."

This evidence does not sustain the defense. The amount shown to have been collected on the collaterals, deducting costs of collecting, fell considerably short of the amount due upon the note sued upon. Nor does it appear that the balance of the collaterals could have been collected, or that the defendants suffered any injury in consequence of any neglect of the plaintiffs to exercise due diligence in making collections. The taking of the collaterals did not bar a suit upon the note. *Dugan* v. *Sprague*, 2 Ind. R. 600, and authorities there cited.

The demand made by the defendants' attorney, of the production of the balance of the notes, raises no question for our consideration. No order of the Court was asked, and we are not advised of the object of the demand.

The motion for a new trial, in our opinion, should have prevailed.

The judgment is reversed with costs. Cause remanded, &c.

*S. J. Anthony* and *J. B. Niles*, for the appellants.