## THOMPSON ET AL. *v.* SWEETSER ET AL.

PLEADING.—*Replevin.*—In an action to recover the possession of personal property, the general denial is a good answer. Property in the defendant and another is also good, but unnecessary when the general denial is in.

SAME.—*Property in Stranger.—Parties.—Arrest of Judgment.*—In an action to recover possession of personal property, where property in a stranger is pleaded, or where the evidence shows property in a stranger, it is not necessary that such person should be a party to the action, nor is the failure to make such person a party ground for arrest of judgment.

From the Grant Common Pleas.

*A. Steele* and *R. T. St. John,* for appellants.

*I. Van Devanter, J. F. McDowell, J. Brownlee,* and *H. Brownlee,* for appellees.

DOWNEY, C. J.—The appellants sued the appellees to recover the possession of certain flax seed. The defendant Sweetser answered separately:

1. A general denial.

2. That the property in question was not the property of the plaintiff, but was the property of James Sweetser and John N. Turner. Horton, the other defendant, answered that he had no interest in the property mentioned in the complaint. There was a reply in denial of the second paragraph of the answer of Sweetser. The issues were tried by the court, and there was a finding for the defendant Sweetser, and that he was the owner and entitled to the possession of the property.

Motions by the plaintiffs for a new trial and in arrest of judgment were overruled, and there was judgment on the finding. The errors assigned are the overruling of the motion for a new trial, and that in arrest of judgment.

The ground relied upon for a new trial was, that the evidence was not sufficient to justify the finding of the court. The appellants claim that one Swope and the appellee Sweetser were partners, and they claim the seed by virtue of a sale made to them by Swope. Sweetser, on the contrary, claims that the seed was his individual property. These different views of the case were embraced in the issues tried by the court, and the evidence in the record seems to have been given by each party with the view of sustaining his theory of the case. We have examined the evidence carefully, and we cannot say that there was such a want of evidence to sustain the finding of the court as to justify us in disturbing the judgment.

The reasons given in the motion in arrest of judgment are, first, that there was no sufficient answer on file; second, that the testimony shows that John N. Turner was a partner of Sweetser, and has not been made a party, etc.; and, third, that Turner should have been made a party, and no judgment can be rendered upon such a record.

There is nothing in the first objection relating to the insufficiency of the answer.

The general denial is regarded as a good answer. Property in the defendant and another is also a good answer, though unnecessary when the general denial is in. *Davis*

v. *Warfield*, 38 Ind. 461 ; *Kennedy* v. *Shaw*, 38 Ind. 474. It cannot be material that Turner was not a party, for two reasons; first, a plea of property in a stranger means that the ownership of the property is in some one who is not a party to the action. When such a plea is pleaded, or when the evidence shows property in a stranger to the action, it is not necessary that such person shall be made a party to the suit; nor is it any ground for arrest of judgment that such person is not a party to the action; and, second, the finding of the court shows that Sweetser was the owner of the property, and not Sweetser and Turner.

The judgment is affirmed, with costs.