"As to exception 5: 'Because it was error in the presiding judge to order judgment to be entered up in two cases, and for two sets of costs, when the cases were tried together.' It is true that the amounts involved in these cases were small, but there was no pretence of a joint interest. Each party owned his little account, and brought his own individual action for it. The cases were tried together merely as a matter of convenience. The cases were not thereby consolidated, but still preserved their identity. Judge WALLACE had no right to consolidate the two cases, and render one judgment for the aggregate amount of both, and, if he had done so, the judgment might have been set aside as illegal and void." Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, October 4, 1892.

No. 3031. GRAYSON v. HARRIS. April Term, 1892. In this case, the complaint was for the recovery of money lent by plaintiff to defendant, amounting to $1,500. Defendant, "answering the complaint, denied that he ever was indebted to the plaintiff in any sum whatever exceeding the sum of eighty dollars." On motion, the Circuit Judge (WALLACE), on September 18, 1891, "adjudged that the answer herein is frivolous, and that the plaintiff have judgment thereon in the sum of fifteen hundred dollars and costs." Judgment was entered September 24, and on September 25, the defendant gave notice of appeal from the order of Judge Wallace of September 18, 1891, striking out the answer of defendant as frivolous. Afterwards, defendant, "in pursuance of notice of appeal heretofore served upon you," submitted the following "exceptions to the order of Judge Wallace of September 18, and the judgment rendered thereon September 24, 1891." These exceptions were as follows:

"I. For that his honor erred in holding that the answer of defendant was frivolous. II. For that his honor erred in granting judgment upon an unverified complaint without proof. III. For that his honor erred in not holding that the judgment on an answer as frivolous, left the cause as if default had been made therein. IV. For that his honor erred in holding that he was without authority to allow defendant to serve an amended answer."

*Tracy & Searson*, for appellants. *W. J. Verdier*, contra.

The court said : "Exception 1 makes the point that there was error in holding that the answer was frivolous. It is certainly creditable to the bar that this question has so rarely arisen in this State. The motion in this case was, under section 268 of the Code, for judgment on the answer as frivolous. In such case the rule seems to be settled that, to be adjudged frivolous, the whole answer must be clearly so. If argument is necessary to establish that character, the court will not dispose of it in this summary way. See *Boylston* v. *Crews*, 2 S. C., 424; *Tharin* v. *Seabrook*, 6 S. C., 118, and authorities there cited. In this case, the answer, as we understand it, states no fact at all, but rather a legal conclusion that the defendant 'ever was indebted to the plaintiff in any sum whatever, exceeding the sum of eighty dollars.' Without admitting or denying whether the eighty dollars were or were not due and owing, we concur with the Circuit Judge that the answer was manifestly frivolous.

"The plaintiff's attorney objects that the other matters referred to in the remaining exceptions were not embraced in the notice of appeal, and they are not before this court. The notice of appeal referred in express terms to the order of the judge, holding that the answer was frivolous, but made no reference to anything else. The words are as follows : 'Appeal from the order granted by his honor, Judge WALLACE, on September 18, 1891, striking out the answer of the defendant as frivolous.' In a case of the same character as this (*Boylston* v. *Crews*, *supra*), Mr. Justice WILLARD said : 'It is objected to the notice of appeal that it is based on the order for judgment, and not upon the judgment itself. This, if applicable, would be fatal to the appeal. But the notice of appeal, though certainly informal, refers in terms to a judgment, and it is obvious that the object of the appeal is to get rid of the effect of such judgment,' etc. It will be observed that the very thing which alone saved that appeal is wanting in the notice of appeal in this, and we are constrained to hold that the matters referred to in exceptions 2, 3, and 4 are not before this court."

Order appealed from affirmed. OPINION by MR. JUSTICE McGOWAN, November 2, 1892.