PEACOCK, HUNT & WEST CO. v. WILLIAMS.

(Circuit Court, D. South Carolina. July 30, 1901.)

PLEADING—JUDGMENT ON FRIVOLOUS ANSWER.
Under the rule of decision in South Carolina that the whole pleading must be clearly frivolous to authorize the court, under the statute, to render judgment thereon on motion, an answer in a federal court, which contains a positive denial under oath of material jurisdictional allegations made in the complaint, cannot be adjudged frivolous.

At Law. On motion for judgment.

C. J. C. Hutson and Ficken, Hughes & Ficken, for plaintiff.
T. M. Raysor and Mordecai & Galdsden, for defendant.

SIMONTON, Circuit Judge. This case comes up on a motion by plaintiff for judgment as demanded in the complaint upon the ground that the answer filed herein by defendant is frivolous. The motion has been heard by consent of all parties. It is based upon

section 268 of the Code of Procedure of South Carolina, which is in these words:

"If a demurrer, answer or reply be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court, either in or out of the court, for judgment thereon and judgment may be given accordingly."

Rule 10 of this court provides that:

"The form of pleadings in all civil actions, except in equity and admiralty, and the rules by which the sufficiency of the pleadings is to be determined, are these now and such as may from time to time be prescribed by the Code of Procedure in this state."

The motion proceeds upon the allegation that the answer is frivolous. "To be adjudged frivolous, the whole answer must be clearly so." Grayson v. Harris, 37 S. C. 606, 16 S. E. 154. The complaint is on two causes of action, a promissory note in each case. The causes of action are stated in precisely the same way, mutatis mutandis. The first and second paragraphs of the complaint are as follows:

"(1) That the plaintiff is now, and at the times hereinafter mentioned was, a corporation duly organized under the laws of the state of Georgia, having been incorporated under the name of the Peacock & Hunt Naval Stores Company, and having had its corporate name changed to the Peacock, Hunt & West Company.

"(2) That the plaintiff is a citizen of the state of Georgia, having its residence and place of business in the city of Savannah, in said state of Georgia. That the defendant is a citizen of the state of South Carolina, and resides at or near the town of Norway, in the said state of South Carolina."

The jurisdiction of the circuit courts of the United States is a limited jurisdiction; that is to say, they cannot take cognizance of any case in which the plaintiff and defendant are not residents and citizens of different states, or in which a federal question is not involved. Being courts of limited jurisdiction, the presumption is always against the jurisdiction (Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932), and the plaintiff must state distinctly, and show affirmatively in his pleading, that the jurisdiction exists (Godfrey v. Terry, 97 U. S. 171, 24 L. Ed. 944). This being so, the averments of these two paragraphs in this complaint are of the most material character. Without such averments, the suit would be dismissed for want of jurisdiction. Not only is the purport of these paragraphs material, but the facts stated are also material. The averment is that the plaintiff is a corporation of the state of Georgia. If this be so, it is treated as a citizen of the state of Georgia (Muller v. Dowes, 94 U. S. 444, 24 L. Ed. 207), and a resident of that state (Bank v. Earle, 13 Pet. 519, 10 L. Ed. 274; Railroad Co. v. Wheeler, 1 Black, 286, 17 L. Ed. 130; Steamship Co. v. Tugman, 106 U. S. 113, 1 Sup. Ct. 58, 27 L. Ed. 87). The answer, in its first paragraph, directed to the first paragraph of the complaint, categorically denies its allegations. In its second paragraph, directed to the second paragraph of the complaint, it denies each and every allegation thereof, except that the defendant is a resident of the state of South Carolina. The answer is under oath. It does not aver want of knowledge of the corporate

character of the plaintiff, or information and belief relating thereto, or want of sufficient information thereof, but it asserts categorically, as a matter of fact within the knowledge of defendant, that plaintiff has no such corporate character. It is a grave assertion. If hereafter it be shown to be false, it is difficult to see how defendant could protect himself from the false allegation under oath, for he bases this assertion upon his own knowledge, and not from any information of others. Be this as it may, it is a grave assertion, raising a material issue in the case,—the issue upon which the right of this court to hear and determine the case exists. Whatever may be said of this part of the answer, we cannot say that it is frivolous. It cannot be said that it controverts no material allegation in the complaint, or that it is manifestly insufficient (Bouv. Law Dict.), nor that it fails to deny the allegations of the complaint (American Co. v. Hill, 27 S. C. 164, 3 S. E. 82), or that upon mere inspection, without examination or research, it is utterly invalid (Grayson v. Harris, supra; Boyleston v. Crews, 2 S. C. 422; Cahoon v. Railroad Co., 10 Wis. 293). It is contended however, that the defendant, having contracted with the plaintiff as a corporation, is estopped from denying its corporate character. This would unquestionably be true if there were anything in this record to show that the contract was made with a corporation. The note is to Peacock, Hunt & West Company. Is the inevitable conclusion from this fact that Peacock, Hunt & West Company is a corporation? May it not be a joint-stock company unincorporated? May it not have been only a co-partnership name? Perhaps, if a defendant is sued by a corporation created by the laws of his own state, he may be bound to take notice of its existence as a corporation. It would not be the case when suit is brought by a foreign corporation. It does not appear to me that the two first paragraphs of the answer are frivolous. This conclusion having been reached, the whole answer is saved. "To make an answer frivolous, the objection must extend to and embrace the whole answer, so that nothing is left of it." Tharin v. Seabrook, 6 S. C. 113; Grayson v. Harris, supra. The motion is refused.