## S. R. LASSWELL et al., Respondents, v. J. HENDERSON et al., Appellants.

### Springfield Court of Appeals, May 2, 1910.

1. CHATTEL MORTGAGES: Recording. The recording of a chattel mortgage in a county where the mortgagor resides at the time of the execution of the mortgage imparts notice of the existence of the mortgage and the title of the mortgagee, and this is true even though the property mortgaged be at the time located in another county.

2. ———: ———: Constructive Notice. The notice furnished by the record of a chattel mortgage is constructive and is provided by statute, and all that the holder of the mortgage is required to do is to follow the statute.

3. ———: ———: Removal of Property. Where a chattel mortgage has been duly executed and recorded in the county of the mortgagor's residence, the mortgagee does not lose his rights by the subsequent removal of the mortgagor with the property to another county.

4. ———: ———: ———. The removal of the mortgagor with the property to another county, after the execution of a chattel mortgage, does not dispense with the necessity for its being

recorded in the county where the mortgagor resided at the time of its execution, nor does it destroy the lien of the mortgagee, nor affect the question of notice furnished by the record.

5. ———: ———: ———: **Right of Mortgagee to Take Possession.** Unless the chattel mortgage should so provide, the removal of the property from the county before the maturity of the debt secured by the mortgage would not give the mortgagee the authority to take possession of the property.

6. ———: **Fraudulent Conveyances.** Where a mortgagee of personal property permits a mortgagor to remain in possession thereof and sell and dispose of the mortgaged property in the ordinary course of business for his own use and benefit, such conduct on his part renders the mortgage fraudulent as to creditors or subsequent purchasers.

'Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*L. O. Neider* and *Fred Stewart* for appellants; *Wright Brothers* of counsel.

(1) Clark changed his residence to Douglas county and removed thereto the property. It then became necessary that the mortgage be recorded in Douglas county which was not done. R. S. 1899, sec. 3404; Fahy v. Gordon, 133 Mo. 425; Rice, Stix & Co. v. Sally, 176 Mo. 133. (2) While it is true that the record of the mortgage was notice to all the world while the mortgagor resided in Howell county, when he changed his residence to Douglas county taking the mortgaged property with him the record of the mortgage in Howell county would not affect a creditor or purchaser from the mortgagor in Douglas county whether he had notice of the mortgage or not. State v. Setlington, 51 Mo. App. 252; Bevans v. Bolton, 31 Mo. 437; White v. Graves, 68 Mo. 223; Rawlings v. Bean, 80 Mo. 614. (3) It is well settled law in this State that when it appears on the face of the mortgage conveying

personal property that the mortgagor is to retain possession of the property and to sell and dispose of the same in the usual course of business, for his own benefit, such mortgage is void, as to creditors and purchasers, on the ground that such conveyance is deemed in law for the use of the mortgagor. Nebraska v. Steel, 36 Mo. App. 504; McCary v. Miller, 41 Mo. App. 200; Douglas v. Cissna, 17 Mo. App. 44; Sparks v. Brown, 46 Mo. App. 529; Manufacturing Co. v. Jenkins, 47 Mo. App. 664; Sauer v. Behr, 49 Mo. App. 86; Russell v. Rutherford, 58 Mo. App. 550; Bullen v. Barrett, 87 Mo. 185; Kuh v. Garvin, 125 Mo. 547.    (4) It is equally well settled in this State that when the mortgage is fair on its face, as in this case, and the same impeaching facts are proven by extrinsic evidence, the same legal consequences result. McCarty v. Miller, 41 Mo. App. 200.

*J. N. Burroughs* and *Thornsberry & Coleman* for respondents.

COX, J.—Action in replevin to recover possession of a saw mill and three horses. The petition is in the usual form in replevin. The answer is:

1. A general denial.

2. That defendants had purchased the property from one James Clark, without any notice of plaintiff's claim, and added valuable improvements thereto.

3. That after defendants had purchased the property plaintiff had notified them that he was the owner thereof, claiming, under a chattel mortgage; that they then made an agreement with plaintiff by which they were to retain possession of the property and that they and complied with their part of the contract, and, for that reason, that plaintiff could not recover.

4. That plaintiff and Clark had conspired together agreeing that Clark should sell the property to these defendants and secure what he could on the pur-

chase price thereof, then abscond, and plaintiff would retake the property under his mortgage.

A jury was waived, and the case tried by the court, and the issues found for the plaintiff. The defendant asked the court to declare the law in declaration number one that if he should find that it was agreed between Lasswell and Clark, at the time the mortgage was executed, that Clark was to remain in possession of the property, and he should have permission to dispose of the same in the ordinary course of business for his own use and benefit, and that in pursuance of such an agreement, Clark did remain in possession and did sell or trade some part of the property, and dispose of the proceeds for his own use and benefit, then the mortgage was fraudulent and void as against defendants.

Second, if the court should find that Clark was permitted by the mortgagee to sell and dispose of the horses described in the mortgage, and apply the proceeds to his own use, and not use it in paying the mortgage debt, and that after such mortgage became due, plaintiff suffered Clark to remove the property to Douglas county without making any effort to collect his debt, that this conduct, on his part, rendered the mortgage void as to the purchaser from Clark.

These instructions were refused and the court's action thereon is now assigned as error. It appears that at the time the mortgage was given both the mortgagor and the mortgagee resided in Howell county and the property was located in Howell county, and the mortgage was recorded in Howell county.

There is no question that the recording of a chattel mortgage in the county where the mortgagor resides at the time of the execution of the mortgage imparts notice of the existence of the mortgage and the title of the mortgagee, and this is true even though the property mortgaged be at the time located in another county. [R. S. 1899, sec. 3404; Fahy v. Gordon, 133 Mo. 414,

l. c. 425, 34 S. W. 881; Rice-Stix & Co. v. Sally, 176 Mo. 107, l. c. 133, 75 S. W. 398.]

We see no distinction in principle between the requirement that the mortgage should be recorded in the county where the mortgagor resides even though the property be at the time in another county, and the position that the mortgagee does not lose his rights by the removal of the property to another county by the mortgagor after the execution of the mortgage. The notice furnished by the record of the mortgage is constructive, and is provided for by statute, and all that the holder of the mortgage is required to do is to follow the statute, and it only requires that it shall be recorded in the county where the mortgagor resides. It would be placing a burden on the mortgagee which is not imposed by the statute, and would be going beyond the provisions of the statute if we were to require the mortgagee to follow up the mortgagor at every removal and either take possession of the property and proceed to collect his debt, or be put to the expense and inconvenience of recording his mortgage in the county to which the mortgagor should remove. Further, unless the mortgage should so provide the removal of the property from the county before the maturity of the debt secured by the mortgage would not give the mortgagee the authority to take possession of the property; hence, in that case, if the mortgagor should remove to another county and dispose of the property before the mortgagee could ascertain the place of his residence and have his mortgage recorded in that county he would lose his lien. It has been held, and we think, rightly so, that the removal of the mortgagor, with the property to another county after the execution of the mortgage does not dispense with the necessity for its being recorded in the county where the mortgagor resided at the time of its execution; nor does it destroy the lien of the mortgagee, nor affect the question of notice furnished by the record. [Feurt v. Rowell, 62 Mo. 524.] This being true

instruction two asked by the defendant was properly refused.

There can be no question as to the correctness of the legal proposition advanced by appellant that where a mortgagee of personal property permits a mortgagor to remain in possession thereof and sell and dispose of the mortgaged property in the ordinary course of business for his own use and benefit that such conduct upon his part renders the mortgage fraudulent as to creditors or subsequent purchasers. Instruction number one which was asked by the defendant and refused by the court was bottomed upon this proposition. After having examined the testimony as preserved in this record our conclusion is that the court was right in refusing this instruction for the reason that there was not testimony sufficient on which to base it. The judgment will be affirmed. All concur.