## ABE ET AL. *v.* SUMMERVILLE ET AL.

[No. 7,120. Filed October 6, 1910.]

1.  FRAUD.—*Subjecting Goods to Payment of Debts.—Ownership.—Complaint.—Conclusions.*—An allegation, in a complaint to subject a stock of goods to the payment of debts, that the defendant "was not the owner of the goods," states a mere conclusion. p. 351.
2.  FRAUD.—*Secret Mortgages.—Creditors.*—Where the owner of a stock of goods sold such stock and delivered possession to his vendee, taking a conditional mortgage thereon but keeping it secret, such stock is liable to be taken on execution to satisfy such vendee's creditors, the vendor being treated as any other common creditor. p. 351.
3.  FRAUD.—*Sales.—Vendor.—Mortgages.*—In a complaint for the subjection of a stock of goods to the payment of a vendee's debts,

allegations of fraud made against the vendor in .concealing its mortgage upon such goods are without effect, since the goods were liable to be taken for the vendee's debts regardless of the mortgage. p. 351.

4. SALES.— *Rights of Vendor.— Insolvency.*— An ordinary sale of goods to a merchant, whether solvent, or insolvent, vests the title thereto in such merchant, the vendor becoming a mere creditor. p. 352.

5. ASSIGNMENTS FOR BENEFIT OF CREDITORS.— *Insolvency.— Preferences.*—An insolvent may prefer a *bona fide* creditor in making an assignment for the benefit of creditors. p. 352.

6. SALES.—*Mortgages.—Creditors.*—An owner of a stock of goods who sells such stock, taking a mortgage thereon and keeping it secret, may be settled with by a transfer of the replenished stock, though such vendee left unpaid creditors who had sold to him part of such.stock. p. 352.

7. MORTGAGES.—*Power of Sale.—Invalid as to Creditors.—Possession.*—A mortgagee who holds a mortgage, void as to the mortgagor's creditors, may nevertheless enforce his mortgage, if he takes possession of the mortgaged goods before any other lien attaches; and this rule prevails although the mortgagor is given the right to sell the goods. p. 352.

From Superior Court of Marion County (73,520) ; *John L. McMaster,* Judge.

Suit by Edwin Abe and others against William E. Summerville and another. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Myers & Ogden, Merrill Moores, Perry J. Freeman* and *B. F. Mason,* for appellants.

*Pickens, Cox & Kahn,* for appellee Ward Brothers Drug Company.

RABB, J.—This suit was brought by appellants to subject a certain stock of goods, ·alleged to have been transferred by appellee Summerville to appellee Ward Brothers Drug Company, to the payment of debts charged to be owing by Summerville to appellants, and the only question presented by the record involves the sufficiency of the complaint to withstand a demurrer.

The substantial averments of the complaint show a con-

ditional sale of a stock of drugs by appellee Ward Brothers Drug Company to appellee Summerville, the conditions of the contract requiring the purchaser to execute to the seller his notes for $1,100, payable in such manner as should be agreed upon, the payment to be secured by mortgage upon the goods sold, and a payment of $50 to be made each month until $600 had been paid. The purchaser was to take charge of the stock, pay all expenses, and buy from Ward Brothers Drug Company all supplies necessary to keep the stock in as good condition as it was when the contract was entered into, and all bills and accounts to the seller were to be discounted when required by it. Failure to comply with the terms of the contract operated as a forfeiture of the rights of the purchaser under the contract, at the option of the seller.

It is alleged that after the execution of the contract Ward Brothers Drug Company put Summerville in possession of the stock of goods, and he, with the knowledge and consent of the company, engaged in the business in his own name, and held himself out to be the owner of the stock of goods, and thereby obtained credit from appellants, on the faith that he was such owner; that Summerville was not the owner of the goods, and the fact that he was not such owner was fraudulently concealed, with the intent to hinder, defraud and delay the creditors; that Summerville, with the knowledge and consent of his codefendant, represented himself to be such owner, knowing such representations to be false, and such representations were made to induce appellants to sell to him merchandise on credit; that Summerville continued to carry on the business until December 26, 1906, when he turned the stock of goods over to Ward Brothers Drug Company; that Summerville was at the time, and for one year previous thereto had been, insolvent.

The complaint does not aver that, at the time the goods were sold by appellants to Summerville, he did not intend to pay for them. The sole ground upon which the charge

of fraud against appellees is predicated is that the terms of the contract by which Ward Brothers Drug Company sold the stock of goods to Summerville were not disclosed to appellants, and that Summerville represented himself to be the owner of the goods, whereas he was not such owner.

The averment in the complaint that Summerville was not the owner of the goods, states a mere conclusion of law, not an issuable fact. It is well settled that a sale of merchandise to be disposed of by the vendee cannot be made conditional, so far as the rights of purchasers and creditors are concerned, and when the vendor, Ward Brothers Drug Company, placed the vendee, Summerville, in possession of the stock of goods, under the contract set up in the complaint, it thereby invested Summerville with the absolute title thereto, so far as the rights of appellants and all other creditors were concerned. *Winchester Wagon Works, etc., Co.* v. *Carman* (1887), 109 Ind. 31, 58 Am. Rep. 382, and cases cited; *West* v. *Fulling* (1905), 36 Ind. App. 617; Benjamin, Sales (1st Am. ed.) §319, note c.

The property in the hands of Summerville was liable to be taken in execution or any other legal process to satisfy his debts, and as far as the rights of creditors were concerned Ward Brothers Drug Company occupied no different position than that of other common creditors. It is not alleged that any concealment or misrepresentations were made by either Ward Brothers Drug Company or Summerville regarding the indebtedness of Summerville to said company, or to any one else. Summerville then being the owner of the property, all charges of fraud, predicated upon the alleged concealment of the terms of the contract between appellees, and of Summerville's representations that he was the owner of the property, fall to the ground.

The question remains, Does the complaint aver facts showing a right in appellants to subject the goods in the hands

of appellee Ward Brothers Drug Company to the payment of their claims? We think not. Up to the time the goods were delivered by Summerville to Ward Brothers Drug Company, appellants had acquired no interest or lien, either in law or in equity, upon the property. The fact that Summerville was insolvent gave them no such right or interest. An insolvent may exercise a preference in the disposition of his property in the payment of one *bona fide* creditor to the exclusion of another. This is so well settled as to need no reference to authority to sustain it. There is no question that the indebtedness of Summerville to Ward Brothers Drug Company was just and *bona fide,* and while the contract between the parties is void as to creditors, it was valid as between the parties thereto. The rights of said company under it are analogous to those of a mortgagee under a chattel mortgage, void as to creditors and subsequent purchasers. In such case it is well settled that if the mortgagee takes possession of the mortgaged goods before any other lien attaches, his title thereto under the mortgage is good. *Mills v. Gould* (1860), 14 Ind. 278; Jones, Chattel Mortgages §178, and cases cited.

This rule applies to a mortgage on a stock of merchandise, void as to creditors, because of a clause in the mortgage authorizing the mortgagor to sell the mortgaged goods. *Petring v. Chrisler* (1886), 90 Mo. 649, 3 S. W. 405; *Dobyns v. Meyer* (1888), 95 Mo. 132, 8 S. W. 251, 6 Am. St. 32; *Cameron, Hull & Co. v. Marvin* (1881), 26 Kan. 612.

Here it affirmatively appears from the averments of the complaint, that under the contract, valid between the parties, before any rights of appellants attached, the goods in question were delivered by appellee Summerville to appellee Ward Brothers Drug Company.

No error intervened in sustaining appellees' demurrer to the complaint. Judgment affirmed.