5649.  ATLANTIC COMPRESS COMPANY *v.* CHAMBLISS.

1. The exception pendente lite does not contain a sufficient assignment of error as to the disallowance of the proposed amendment.
2. "That evidence was admitted over the objection of the party complaining affords no reason for the grant of a new trial, when it does not appear that any specific objection to its admission was made at the trial." *Stewart* v. *Bank*, 100 *Ga.* 496 (28 S. E. 249). Moreover, the testimony with relation to what was said by the plaintiff's tenant in delivering cotton to him in payment of rent was competent as a part of the res gestæ of the delivery of the cotton, and to illustrate whether it was intended to pass constructive possession of the cotton to the plaintiff.
3. Admissions made by a third person against his interest, as to a fact collateral to the main issues between the litigants, but essential to the adjudication of the cause, as well as the admissions of privies in estate at the time title is passing, are admissible as against the parties themselves, though the declarations of privies in estate, after the title has passed out of him, can not be received. Civil Code, §§ 5778, 5780.
4. The plaintiff having testified that he saw five bales of cotton loaded at a named warehouse and afterwards unloaded on the platform of the defendant's compress and there being other evidence to identify it as the same cotton, the warehouse receipts, giving the weight of the cotton, were competent evidence as to the weight of the cotton received at the defendant's compress. It was immaterial that the receipts did not alone and of themselves show title in the plaintiff; their contents were admissible in support of other testimony of title.
5. The charge of the court to the effect that an agent who takes property of another in behalf of his principal without the owner's consent is guilty of a conversion as to the latter, although the agent may be ignorant of the true owner's title and may have acted in perfect good faith, was a correct statement of the law, and was justified by some of the evidence in the case.
6. Several of the assignments of error fail to point out the error complained of, and one is not approved by the court; and therefore these grounds present nothing for determination.
7. The evidence warranted the verdict, and there was no error in refusing a new trial.

DECIDED FEBRUARY 6, 1915.

Trover; from city court of Dawson—Judge M. C. Edwards. March 16, 1914.

*H. A. Wilkinson, M. J. Yeomans,* for plaintiff in error.

*W. H. Gurr, J. G. Parks, R. R. Marlin,* contra.

RUSSELL, C. J.  J. M. Chambliss brought suit in trover against the Atlantic Compress Company, for the recovery of five bales of cotton. The defendant filed a general denial at the first term, and at the trial term offered an amendment setting up that it was a nominal party acting as agent for the Georgia Cotton Company

and the Central of Georgia Railway Company, and asking that they be made parties defendant. The court refused to allow the amendment; and to this ruling the defendant excepted pendente lite. Upon the trial the jury found for the plaintiff, and exception is taken to the judgment refusing the defendant a new trial.

1. The general language of the exception pendente lite,—"to which order and ruling the defendant excepts, and assigns the same as error,"—is not a sufficient assignment of error as to the refusal to allow the amendment. It has been repeatedly held that such an assignment of error does not properly present anything for the consideration of a reviewing court. See *Willingham* v. *Cedartown Supply Co.*, 11 *Ga. App.* 464 (75 S. E. 823), and cases there cited. However, the court was clearly correct in the ruling disallowing the amendment. The proposed amendment contained no defense to the action. It sought to set· up that the defendant, acting in good faith, received the cotton as agent for other parties, and was holding it as such. Under the ruling in *McConnell* v. *Prince*, 12 *Ga. App.* 54 (76 S. E. 754), such an amendment would not, even if the facts were as set out therein, afford the defendant any defense to the action.

2. In the first special ground of the motion for a new trial error is assigned because the plaintiff was allowed to testify to a certain conversation between himself and Will Anderson, "over the objections of defendant then and there urged." It does not appear that any specific objection to the testimony was presented at the time it was admitted. This court therefore can not consider the assignment of error. *Stewart* v. *Bank of Social Circle*, 100 *Ga.* 496 (28 S. E. 249). However, the testimony objected to was clearly admissible. The plaintiff was seeking to show constructive possession of the cotton in himself. It was contended by the defendant that the plaintiff had never had possession, and that the party through whom the cotton came to them had never parted with title or possession except to the plaintiff's principal. It was therefore necessary for the plaintiff to prove that the property was actually or constructively delivered to him; and it is a well-settled rule of evidence, as applied to civil cases, that where the making of a statement assists to constitute the transaction or to prove per se a relevant fact, the declaration is competent. 16 Cyc. 1152. The statements made by the plaintiff's tenant at the time of the alleged

delivery by him was certainly a part of the res gestæ of the delivery, and was admissible as such.

3. It is alleged that the court erred in allowing the plaintiff to testify, over the defendant's objection, to what was said by the plaintiff and his tenant, Will Anderson, at the time of the alleged delivery of the cotton to him by the tenant, as follows: "Will Anderson told me I could have this cotton for rent and turned over this five bales to me for rent and I instructed him to carry the cotton to A. J. Hill's warehouse, and told him I expected to apply this cotton on the rent, and told him to carry it to A. J. Hill's warehouse, and I would look after them Monday morning and credit his notes." The court, in ruling upon the admissibility of the evidence, said: "I will let that remain, to explain the conduct and to show whether this man had possession of the cotton or not." We think the court ruled correctly. These statements of both parties, coming, as they did, at the time of the alleged delivery, were relevant and admissible as a part of the res gestæ, as stated in the foregoing paragraph, and, as such, tended to show not only delivery but acceptance of the cotton.

4. Error is assigned also because the court allowed in evidence certain cotton receipts and tickets, to which the defendant objected upon the ground that they were irrelevant and showed no title in the plaintiff. It was shown that the cotton sued for was removed from the warehouse of Kennedy & Brim to the defendant's compress. It was shown by an employee of the warehousemen that the receipts introduced in evidence represented the five bales in question, and the tickets, which had been attached to the cotton, contained the same numbers, so that the tickets and receipts corresponded. The receipts contained the weight of each bale and the price the cotton brought. Having thus identified the cotton by the numbers, it was not error to allow the receipts in evidence, in support of the plaintiff's testimony that the title to this identical cotton was in him. The plaintiff having shown that the identical cotton sued for was received by the warehouse at the weights and for the price shown by the receipts, the receipts were admissible as evidence of the weight and value of the cotton.

5. Exception is taken to the following charge of the court: "An agent who for and in behalf of his principal takes the property of another without the latter's consent is, as to him, guilty of

conversion, although, being ignorant of the true owner's title, the agent may have acted in good faith; and such agent may be sued in trover for the property, even after his delivery of it to his principal." This was not error. In a number of decisions of this court and of the Supreme Court it has been held to be the law. See *McConnell* v. *Prince,* 12 *Ga. App.* 54 (76 S. E. 754), and the cases there cited.

6. Several of the assignments of error fail to point out the error complained of, and for this reason they will not be considered. See *Willingham* v. *Cedartown Supply Co.,* supra. There is also an assignment of error with a notation as follows: "The court approves this not as a recital of fact." The assignment of error is in the following language: "Because the court erred in his charge in unduly stressing the various contentions of the plaintiff, and failing to charge the jury fully as to the contentions of the defendant, especially in the court's failure to charge the jury whether or not a demand had been made by the plaintiff, and whether or not plaintiff had released the cotton as defendant insisted had been done." Even if we could consider such an assignment of error (which we can not do, because of the refusal of the judge to certify the facts set out therein as true), we would not do so, for the assignment of error is too general and indefinite. *Baynes* v. *Allison,* 108 *Ga.* 782 (33 S. E. 682). No parts of the charge are pointed out as being erroneous, and the attempted exception to the failure of the judge to charge the contentions of the defendant is disposed of by the certificate of the judge, as being untrue.

7. The verdict was fully supported by the evidence. The plaintiff introduced evidence tending to show delivery of the cotton to him, either actual or constructive, by his tenant, in payment of a rent note calling for cotton, and that he received the cotton in payment on the note. If this was true, as the jury evidently believed, the tenant had no right to again sell the cotton, and the person who received it from the tenant had no more title than the tenant himself, who, having sold the cotton to the plaintiff and delivered it, had no title whatever. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, J., not presiding.*