## INDIANA INVESTMENT AND SECURITIES COMPANY *v.* WHISMAN.

[No. 11,523. Filed March 15, 1923. Rehearing denied May 29, 1923. Transfer denied June 30, 1926.]

1. REPLEVIN.—*Affirmative answer not necessary in replevin.*— An affirmative answer is not necessary in replevin when a general denial has been filed. p. 110.

2. CHATTEL MORTGAGES.—*Chattel mortgage on automobile executed by dealer void as to purchaser without notice.*—Where an automobile was sold to a dealer with knowledge that he intended to place the same in his stock for sale, a chattel mortgage thereon for a part of the purchase price, though properly recorded in the county of his residence, is void as to a purchaser thereof without notice of the mortgage, where it is sold to him in the ordinary course of business. p. 114.

3. ESTOPPEL.—*Vendor delivering property to retailer for resale cannot assert title as against innocent purchaser.*—One who delivers property to a retail dealer for the purpose of resale by the latter cannot, as against an innocent purchaser for value, assert title to the property so sold. p. 114.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by the Indiana Investment and Securities Company against Fred Whisman. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the second division.

*William T. Young* and *Russell V. Duncan,* for appellant.

*McDaniels & Myers* and *Ed K. Adams,* for appellee.

NICHOLS, C. J.—Action by appellant against appellee in replevin, the complaint being in the usual form of such actions. There was an answer in denial and also a second paragraph of affirmative answer, to which appellant filed a reply in denial. The affirmative answer was unnecessary. *Thompson* v. *Sweetser* (1873), 43 Ind. 312; *Shipman Coal, etc., Co.* v. *Pfeiffer* (1895), 11 Ind. App. 445, 39 N. E. 291. The cause was submitted to a jury for trial and there was a verdict in favor of appellee, upon which, after motion for a new trial was overruled, judgment was rendered. Appellant assigns as error the action of the court in overruling its motion for a new trial. So far as the question here involved is concerned, the facts are substantially uncontradicted.

Appellee was a business man in the city of Shelbyville, Indiana, and one Hendrickson was a dealer in automobiles with the sole right to sell Grant automobiles in Shelby county. He had been engaged in that business for about three years prior to August 31, 1921, and thereafter for about three months. Appellee knew that said Hendrickson was in the business of selling Grant automobiles at retail, and on August 30, 1921,

had a conversation with him concerning the purchase of a car. At the suggestion of Hendrickson, appellee went to Indianapolis with him to the salesroom of the Melvin company which appellee understood to be state distributor of Grant automobiles, appellee being introduced as a person interested in the purchase of a Grant automobile. Appellee had about made up his mind to purchase the car here involved and so stated to the Melvin company, but deferred finally closing the sale until he could return home and see his wife. Appellee suggested that Hendrickson drive the car to Shelbyville but the Melvin company objected unless the car was actually sold. That night Hendrickson and appellee reached an agreement by which appellee purchased the car, and the next morning, August 31, 1921, he paid Hendrickson in full $300 cash, $400 by note, and his old car. Appellee did not return to Indianapolis for the car, but sent a party with Hendrickson. Upon arriving in Indianapolis, Hendrickson purchased the car from the Melvin company placing a chattel mortgage thereon to appellant to obtain a part of the purchase price. This mortgage was recorded September 10, 1921, in the recorder's office of Shelby county. Hendrickson drove the car to Shelbyville and delivered it to appellee, who had no knowledge of the fact that a mortgage had been placed thereon. At the time of the execution of such mortgage, appellant was fully informed that Hendrickson was the sole agent in Shelbyville for the Grant automobiles, selling them at retail, that he had a salesroom located in Shelbyville for that purpose, and that he was buying new Grant automobiles and taking them to Shelbyville and selling them at retail. The mortgage executed by Hendrickson to appellant, which was in form a dealer's mortgage, provided that the mortgagor Hendrickson should not remove the auto, "from the salesroom, city and county

wherein said property is now situated without the written consent of the mortgagee."

Appellant, in this action, seeks to replevy said automobile, basing its right of possession on the terms of said mortgage.

The principle which must govern in this case is thus stated in Huddy, Automobiles (6th ed.) p. 1100: "A mortgage given on machines, when it is within the contemplation of the parties that the mortgagor shall have the right to expose them for sale in the ordinary course of business, may be void. Thus, if one loans a dealer money with which to purchase cars for sale and a chattel mortgage is given for his security, a purchaser of a machine from the dealer will generally acquire a good title as against the mortgagee." To sustain this principle the author cites *Case Threshing Machine Co.* v. *Lipper* (1916), 181 S. W. (Tex. Civ. App.) 236; *Border Nat. Bank* v. *Coupland* (1917), 240 Fed. 355, 153 C. C. A. 281; *Cudd* v. *Rodgers* (1918), 111 S. C. 507, 98 S. E. 796; *O'Neil* v. *Cheatwood* (1920), 127 Va. 96, 102 S. E. 596.

In the Cudd case, the action was to recover an automobile, and the facts involved were very much the same as in the instant case. Johnston was a vendor of cars and had no money. He purchased six cars and Cudd loaned him the money to pay for the same, taking a mortgage on the cars. Johnston's practice was to sell the cars and he sold one to Crim and it was from that person appellee bought the car. It was contended by appellee that appellant authorized the sale and disposal of the automobile to him or to any one else to whom it could be sold, and that therefore appellant was estopped from asserting his lien as against the purchaser, and the court, holding that there could be no recovery, states that, "No argument is needed to prove that if a mortgagee permits his mortgagor to engage in trade,

MAY TERM, 1926. 113

Indiana, etc., Securities Co. *v.* Whisman—85 Ind. App. 109.

and to sell the incumbered property to whoever comes to buy, then the buyer takes his goods free from the lien of the mortgage."

In the O'Neil case, it was held that where a bill of sale covering an automobile was given by a dealer to the one who had lent him money to enable him to secure the car from the freight office, and the automobile was left for sale with the dealer, the bill of sale was void as to the buyer of the car from the dealer, and unless she had some notice of the lender's title, other than that offered by the record of the bill. of sale, she took good title as against the lender. . The court says that this case is not essentially 'different from the case of *Boice* v. *Finance & Guaranty Corp.* (1920), 127 Va. 563, 102 S. E. 591, 10 A. L. R. 654. In the latter case, a mortgage had been given on an automobile to secure a loan of money, and the court says that the substantial question is: "Can one take from a retail dealer a chattel mortgage on goods and chattels which he knows the retailer intends to place in his stock and offer for sale indiscriminately to his customers in the usual and ordinary course of business, and thereafter claim them from a purchaser for value from the retail dealer, who had no actual notice of the existence of the mortgage, although the same was recorded." And stating the rule, the court says: "From *Lang* v. *Lee,* 3 Rand. (24 Va.) 410, decided in 1825, until the present time, it has been uniformly held by this court that such a mortgage as is first mentioned on a stock of goods, wares and merchandise, or in fact any mortgage on that class of goods which contains provisions adequate to defeat its purposes, is 'null and void as against creditors and purchasers' of the grantor. * * * The reason of the rule is that it is a fraud upon third persons. To uphold such a mortgage would give to the mortgagor

114    APPELLATE COURT OF INDIANA,

Indiana, etc., Securities Co. *v.* Whisman—85 Ind. App. 109.

a fictitious credit and allow him to pose before the world as the owner of goods when such is not the fact." And the court, then applying the rule, holds that there is no difference in the character of automobiles that should put them in a different category from ordinary goods, wares and merchandise. Appellant contends that this case is distinguished from the rule that should prevail in Indiana, because of the statute of the State of Virginia. But, as said in the opinion: "The language of the statute plainly restricts it to *creditors* of such person, and the statute cannot by construction be extended to include *purchasers* from such person without reading into the statute language which the legislature has not seen fit to place there." It will thus be seen that the statute was not of controlling force, for the transaction in that case involved a purchaser as distinguished from a creditor. The Border Nat. Bank case and the Case Threshing Machine Co. case were based upon a statute of the state of Texas, but this statute is but the expression of the principle controlling the other cases cited.

In *Lasswell* v. *Henderson* (1910), 144 Mo. App. 396, 128 S. W. 789, it was held that where a mortgagee of personal property permits a mortgagor to remain in possession thereof and dispose of the mortgaged property in the ordinary course of business for his own use and benefit, such conduct upon his part renders the mortgage fraudulent as to creditors or subsequent purchasers.

Without citing other authorities, we may safely say that it is well established in other states that where it appears, either on the face of the mortgage or by parol, that the mortgagee of personal property has given the mortgagor unlimited power to dispose of the property mortgaged for the use of the mortgagor, such mortgage is void as to creditors and

purchasers. This principle must be of controlling force whether the property offered for sale by a retail dealer is subject to a chattel mortgáge, or is delivered to him under the terms of a conditional sale. In Indiana, it is well established that one who delivers property to a retail dealer for the purpose of sale by the latter, cannot, as against an innocent purchaser for value, assert title to the property so sold. *Winchester Wagon Works, etc., Co.* v. *Carman* (1887), 109 Ind. 31, 9 N. E. 707, 58 Am. Rep. 382; *Kiefer* v. *Klinsick* (1895), 144 Ind. 46, 42 N. E. 447; *Andre* v. *Murray* (1913), 179 Ind. 576, 101 N. E. 81, L. R. A. 1917B 667, Ann. Cas. 1916A 87; *Kiefer* v. *Klinsick* (1894), 13 Ind. App. 353, 37 N. E. 1048; *Sears* v. *Shrout* (1900), 24 Ind. App. 315, 56 N. E. 728; *West* v. *Fulling* (1905), 36 Ind. App. 617, 76 N. E. 325; *Lett* v. *Eastern, etc., Plow Co.* (1910), 46 Ind. App. 56, 91 N. E. 978; *Abe* v. *Summerville* (1910), 46 Ind. App. 348, 92 N. E. 658.

In harmony with these authorities, we hold that appellant's mortgage as against appellee was void. Having reached this conclusion, we do not need to discuss other errors presented.

Judgment affirmed.