11479

MANUFACTURERS FINANCE COMPANY v. BOYD *ET AL.*

(122 S. E., 496)

1. PLEADING—MOTION FOR JUDGMENT ON ANSWER AS FRIVOLOUS NOT CONVERTIBLE INTO MOTION TO STRIKE OUT SPECIFIC PORTIONS.—A motion under Code Civ. Proc. 1922, § 527, to strike out the whole answer as frivolous cannot, without notice to defendant, be converted into a motion to strike out specific portions as irrelevant and redundant.

2. Pleading—Allegations of Answer in Claim and Delivery for Truck Held to Withstand Motion to Strike Out as Irrelevant and Redundant; "Bill of Sale."—In claim and delivery for a truck by assignee of mortgage, allegations of an answer that plaintiff's assignor sold the truck to dealer for the purpose of resale, and dealer delivered to defendant a bill of sale on the truck, *held* to withstand a motion to strike out as irrelevant and redundant; a "bill of sale" being an instrument in writing evidencing a transfer by one person to another of his right to or interest in personal property.

Before Townsend, J., Richland, October, 1923. Reversed.

Action by the Manufacturers Finance Company against B. H. Boyd and another doing business under the firm name of Barrow Motor & Truck Co. From an order striking out certain parts of the answer the defendant, Boyd, appeals.

Paragraphs 4 to 8 of the answer were as follows:

"(4) Further answering said complaint, this defendant alleges that L. A. Barrow, doing business under the name and style of Barrow Motor & Truck Company, during the years 1920 and 1921 was operating an automobile business for the purpose of selling cars and trucks and accessories in the City of Columbia, and as a necessary incident to the proper and successful operation of said business it was necessary for him to advertise his cars and trucks for sale by placing them in his show room, and by advertising and holding out to the public that they were for sale, which said custom and manner of operating said business was well known to the plaintiff and to its assignor at the time said title retention contract was taken, and further that the said truck was sold to the Barrow Motor & Truck Company for the purpose of reselling same.

"(5) That on the 22d day of October, 1920, the defendant L. A. Barrow, doing business under the name and style of Barrow Motor & Truck Company, made, executed, and delivered to B. H. Boyd his bill of sale covering said truck, which said bill of sale was recorded in the office of the Clerk of Court for Richland County.

"(6) That this defendant thereafter sold, assigned, transferred, and delivered said bill of sale to the Palmetto National Bank of Columbia, to secure certain obligations of his, and the said Palmetto National Bank of Columbia is now the owner and holder of said truck, subject to certain equties of this defendant should this and other trucks bring an amount more than sufficient to pay his said indebtedness.

"(7) That the Superior Motor & Truck Company was a corporation doing an extensive business in selling trucks at wholesale to dealers for the purpose of reselling same, and it, as well as its assignee, knew, or should have known, when said truck was sold to L. A. Barrow, that it would be placed in his show rooms for the purpose of advertising and reselling same.

"(8) That at the time of the purchase of said truck by the defendant B. H. Boyd it was on the floor of the place of business of L. A. Barrow, and it was being advertised for sale, and he knew of no mortgage lien or other incumbrance on same."

*Mr. Thomas H. Moffatt,* for appellant, cites: *Frivolous pleading:* 1 Code, 1922, Sec. 527; 97 S. C., 389; 37 S. C., 606; 2 S. C., 427; 6 S. C., 117; 27 S. C., 164; 30 S. C., 564; 43 S. C., 17.

*Messrs. Frierson & McCants,* for respondent, cite: *Bill of sale is a mortgage and answer set up no defense, against plaintiff's claim:* 27 S. C., 464; 78 S. C., 294. *Irrelevant pleading:* 64 S. C., 513; 105 S. C., 25.

April 19, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action in claim and delivery for the possession of two motor trucks, which the plaintiff claimed under a title retention contract or chattel mortgage. The defendant B. H. Boyd answered denying certain allegations of the complaint and setting up as a defense the facts alleged in Paragraphs 4, 5, 6, 7 and 8 of his answer to each of the two separate

causes of action stated in the complaint. Let these paragraphs of the answer be set out by the reporter in the preliminary statement, of the case.

The plaintiff moved for an order striking out the answer of the defendant B. H. Boyd on the ground that said answer was frivolous and constituted no legal defense to plaintiff's causes of action. Upon hearing this motion, the Circuit Judge ordered that Paragraphs 4, 5, 6, 7 and 8 of the defendants' answer to each of the causes of action stated in the complaint be stricken out. From that order the defendant B. H. Boyd appeals.

The motion in this case was under Section 527, Vol. 1, Code of 1922, for a judgment on the answer as frivolous. As was stated by this Court in *Grayson v. Harris,* 37 S. C., 606; 16 S. E., 154:

"In such case the rule seems to be settled that to be adjudged frivolous the whole answer must be clearly so. If argument is necessary to establish that character, the Court will not dispose of it in the summary way." *Boylston v. Crews,* 2 S. C., 427. *Tharin v. Seabrook,* 6 S. C., 113. *Peacock v. Williams* (C. C.), 110 Fed., 915.

The Circuit Judge did not pronounce the answer frivolous, but made an order striking out the allegations above referred to. The relief sought was under Section 527; the relief granted was apparently under Section 421, Code Civ. Procedure 1922. Upon a notice of motion for judgment on the ground that the answer is frivolous, the defendant might well be unprepared to resist a motion directed to striking out irrelevant and redundant matter. We do not think a motion to strike the whole answer as frivolous could, without notice to defendant, properly be converted into a motion to strike out specific portions of same as irrelevant and redundant. We are therefore of the opinion that appellant's point directed to that contention should be sustained.

But even in the view that upon this motion the Circuit Judge was entitled to consider the question as to whether certain portions of the answer were irrelevant and redundant, we are not satisfied that the matter stricken out was clearly irrelevant, as insufficient to constitute a legal defense. It is alleged that one L. A. Barrow, doing business under the name of Barrow Motor & Truck Company, made and delivered to the defendant Boyd a bill of sale on a truck, which was claimed by the plaintiff by virtue of a mortgage to the plaintiff's assignor, outstanding at the time of the transaction with Boyd; that the plaintiff's assignor sold trucks at wholesale to dealers for the purpose of reselling same, and both it and the plaintiff knew, or should have known, when said truck was sold to Barrow Motor & Truck Company, it would be placed in their show rooms for the purpose of advertising and reselling same; that "at the time of the purchase of the said truck by the defendant" Boyd, it was on the floor of the place of business of the Barrow Motor & Truck Company and was being advertised for sale, etc. A "bill of sale" is an instrument in writing evidencing the transfer by one person to another of his right to or interest in personal property. It does not conclusively appear from the allegations of defendant's answer, stricken out by the Circuit Judge, that the transfer evidenced by the bill of sale was not such sale as might have been impliedly permitted or consented to by the plaintiff or its assignor as holder of the outstanding mortgage. It does not clearly appear that the possession of the property did not follow the bill of sale or that the instrument was given and taken merely as a security for a debt. In that view, it cannot be held that the allegations of the answer might not form the basis of a valid defense under the principles announced and applied in the case of *Cudd v. Rodgers*, 111 S. C., 507; 98 S. E., 796. It follows that appellant's contention in that regard (exceptions 1 and 2) must be sustained.

It is accordingly adjudged that the order appealed from be, and is hereby, reversed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur. MR. CHIEF JUSTICE GARY did not participate.