Sullivan,
Dec., 1897. }

### DORNTEE CASKET CO. *v.* GUNNISON.

<div style="float:right">69 297<br>69 428</div>

The lien of a conditional vendor, valid within the jurisdiction where the contract was made and the goods were delivered, is not invalidated by a subsequent removal of the property to this state and a failure to comply with the formalities of oath and record required by P. S., c. 140, ss. 23, 24.

CASE, for attaching and detaining certain goods as the property of one Yeaton. Facts found by the court. The plaintiffs are dealers in funeral supplies in Boston. They claimed title to the goods under a written memorandum, dated April 17, 1896, signed by them and one Yeaton, providing in substance that the title to the goods attached which were furnished him by them should not pass to Yeaton until fully paid for. Yeaton carried on the undertaking business in Newport with the goods so furnished until February, 1897, when the goods were attached by creditors of Yeaton, who had no notice of the facts relied upon by the plaintiffs.

At the June term, 1897, the case was recommitted for further findings which are stated in the opinion.

*Hosea W. Parker* and *Ira Colby*, for the plaintiffs.

*Albert S. Wait*, for the defendant.

PARSONS, J. As it is now found that the contract of sale from the plaintiffs to Yeaton was made and executed in Massachusetts, and that the lien reserved was valid by the law of Massachusetts without further formality, the failure to comply with the requirements of oath and record necessary to validate such a contract in this state (P. S., c. 140, ss. 23, 24) does not destroy the plaintiffs' title. The reservation to the seller of title to the goods until payment, valid within the jurisdiction where the contract was made and the goods delivered, was not rendered invalid by the fact that Yeaton subsequently brought the property within this jurisdiction. Upon this point the case cannot be distinguished from *Cleveland Machine Works* v. *Lang*, 67 N. H. 348, where the question was fully considered and determined adversely to the defendant here.

*Judgment for the plaintiffs.*

BLODGETT, J., did not sit: the others concurred.