[No. 5856.  Decided March 17, 1906.]

WALTER C. JONES *et al., Respondents,* v. NORTH PACIFIC
FISH & OIL COMPANY *et al., Defendants,* M. B.
BOSWORTH, *Appellant.*

CHATTEL MORTGAGES—RECORDING—REMOVAL TO ANOTHER STATE—
CONSENT OF MORTGAGEE.  The rule that a chattel mortgage, valid and
recorded at the situs of the property, imparts notice to third persons
after the removal of the property to another state, has no application
where the mortgagee consented to such removal, the same amounting
to a waiver of the mortgage except as to the mortgagor.

SAME—POSSESSION OF MORTGAGE—UNAUTHORIZED ACT OF INSOLVENT
CORPORATION.  A mortgagee, who obtains possession of the property
through the unauthorized acts of the officers of the mortgagor, an
insolvent corporation, can thereby obtain no preference over other
creditors who were not bound by notice of the mortgage.

APPEAL—REVIEW—APPOINTMENT OF RECEIVER.  The propriety of
appointing a receiver must be raised by a direct appeal from the
order of appointment, and cannot be questioned upon an appeal from
a judgment distributing the proceeds of the receiver's sale.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 3, 1905, upon findings in
favor of the plaintiffs, after a trial before the court without a
jury, decreeing a distribution of the assets of an insolvent
corporation.  Affirmed.

*Sweeney & Steiner,* for appellant.
*Ira Bronson* and *D. B. Trefethen,* for respondents.

FULLERTON, J.—The defendant the North Pacific Fish
& Oil Company is a corporation organized and existing under
and by virtue of the laws of this state, having its principal
place of business in the city of Seattle.  During the fishing
season of 1904 it engaged in the business of catching and
curing fish, at Grace Harbor, in the territory of Alaska.  On
its catch for that season, together with certain of its other

1Reported in 84 Pac. 1122.

personal property at that place, it gave a chattel mortgage to the appellant, M. B. Bosworth, to secure a promissory note it was owing him, amounting to the sum of $1,075. The mortgage was duly recorded according to the laws of Alaska governing the recording of such instruments. The respondents Jones, Hanson, Farner, and Boyd, were employees of the defendant corporation, and assisted in catching and curing the fish which the appellant's mortgage covered. In the early part of November, 1904, the fish were shipped to the city of Seattle by the defendant corporation, with the knowledge and consent of the appellant. Shortly after the arrival of the fish in Seattle, the appellant obtained possession of the bill of lading from an office of the company at that place, and started to repack the fish for shipment to Japan; but shortly afterwards gave a bill of sale of the same to the defendant Kelly-Clark Company; this sale, however, seems not to have been consummated.

About this time the respondents above named filed a laborers' lien upon the fish to secure the payment of certain wages due them from the defendant corporation, which they had earned while in the employ of the corporation in Alaska in catching and curing the fish. On filing the lien, they began this action to foreclose the same, and applied for and, after notice and hearing, obtained the appointment of a receiver to take charge of the property pending the determination of the action. The receiver took the property into his possession, and thereafter sold it under an order of court, and at the time of final judgment, held the proceeds of the sale in lieu of the property.

The appellant defended the action, claiming a superior lien thereon by virtue of his chattel mortgage and his possession under the bill of lading. After a trial the court held that neither the appellant nor the respondents had a lien upon the fish, but held that the corporation was insolvent and that both parties were entitled to share in its property,

and it apportioned the same between them according to the amounts of their respective demands.

The sum received by the receiver from the sale of the fish was sufficient to satisfy the appellant's demand, and he contends that it was error on the part of the court not to direct that his demand be paid in full before any part of the fund was distributed to the respondents. The appellant bases his right to be satisfied out of the fund on two grounds: (1) That he had a first lien upon the property by virtue of his mortgage; and, (2) that the property had been turned over to him in satisfaction of his debt, and was lawfully in his possession when taken from him by the receiver under the order of the court.

In support of his first contention, the appellant cites and relies upon that class of cases which maintain the doctrine that a chattel mortgage, duly executed and recorded at the then situs of the property, imparts notice to all persons who buy or otherwise obtain possession of the property in another state to which it has been removed by the mortgagor without the consent of the mortgagee. Without inquiring whether, owing to our somewhat peculiar recording acts, this rule is applicable to mortgaged property brought within this state from another jurisdiction, we think it inapplicable to the facts shown by this record, even were the rule accorded its fullest extent. A mortgage duly executed and recorded in one state is given effect in another by virtue of the rule of comity that exists between the states, and applies only in cases where the removal is made without the knowledge or consent of the mortgagee. Consent by the mortgagee that the property may be taken from the situs of the mortgage is a waiver of the mortgage as against every person except the mortgagor; hence, a mortgagee who consents to the removal of mortgaged property from the situs of the mortgage cannot be heard to insist, as against strangers thereto, that it has effect outside of its situs. So here, inasmuch as the appellant consented to the removal of the property from the territory

of Alaska to this state, he waived his mortgage, as against the respondents, who seized the property as creditors of the mortgagor.

The claim that the property had been turned over to him in satisfaction of his debt, and that he was lawfully in possession of the same at the time it was taken possession of by the receiver, is also without foundation. The trial court found, and we think the evidence justifies the finding, that the officers of the corporation who turned the bill of lading over to the appellant had no authority to act for the corporation; and it does not appear that the corporation ratified, or attempted to ratify, the act. This being true, the acts of these officers were not the acts of the corporation, and the appellant was a trespasser when he sought to take possession of the property. One creditor cannot obtain a preference right over another by wrongfully taking the property of the common debtor into his possession. A seizure of property, to give preference rights, must be a lawful seizure, one made under the authority of law; and a seizure which amounts to trespass is not a lawful seizure.

The appellant complains that the court was without authority to appoint a receiver, but we think it beyond question that the court had jurisdiction to make the appointment. Questions as to the propriety of the order of appointment can only be raised by an appeal from the order itself; they will not be reviewed on appeal from the final judgment.

On the whole we think the judgment was as favorable to the appellant as the facts and law of the case warranted. It will therefore stand affirmed.

MOUNT, C. J., HADLEY, CROW, and DUNBAR, JJ., concur.