Merz et al. v. Stewart, 211 Ill. App. 508.

defendant and in aiding to prosecute certain persons, where there was evidence that a certain person was a client of plaintiff, evidence was improperly excluded which tended to show that plaintiff's interest in the case was for the purpose of protecting such person in a controversy with another who, it was intimated, received certain property which it was charged was stolen from defendant.

## John E. Merz and Charles E. Merz, Appellants, v. Leon R. Stewart, Appellee.

### Gen. No. 24,000. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918.

### Statement of the Case.

Action in replevin by John E. Merz and Charles E. Merz, plaintiffs, against Leon R. Stewart, defendant, to recover a motorcycle and side car sold by plaintiffs in Indiana under a conditional sale contract to another person, who sold the car to defendant. From a judgment for defendant, plaintiffs appeal.

MARSHALL E. GALLION, for appellants.

LANNEN & HICKEY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CONFLICT OF LAWS, § 49*—*when doctrine of comity between States has no application as to sale of personalty.* The doctrine of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Western Iron Const. Co. v. Sternfeld et al., 211 Ill. App. 509.

comity between States has no application where an Illinois manu-facturer sells a motorcycle and side car to residents of Indiana and the latter sell the property under a conditional sales contract to another person and such latter purchaser removes it from the State and sells it to a resident of Illinois, who does not know of the conditional sales contract, even though the conditional sales contract, which was unrecorded in either State, was good in Indiana between sellers and the purchaser and third persons.

2. SALES, § 221*—*when purchaser may acquire good title.* The possession of personalty is prima facie evidence of ownership, and unless a lien is reserved in accord with the statutes of the State the possessor may convey a good title to a bona fide purchaser, provided he is without notice of any intervening equities or claims.