[No. 17636.  Department One.  May 16, 1923.]

## C. W. Rodecker, *Appellant*, v. John Jannah, *Respondent.*[1]

Sales (176, 178)—Conditional Sales—Recording—Removal to Another State—Bona Fide Purchasers—What Law Governs.  The vendor in a foreign conditional sales contract, valid where made without recording, may, upon removal of the property to this state in violation of the terms of the contract, recover the same from innocent purchasers of the vendee, although the contract was not recorded in this state, as required by Rem. Comp. Stat., § 3790, which relates only to contracts made in this state.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered March 28, 1922, upon findings in favor of the defendant, in an action in replevin, tried to the court.  Reversed.

*E. Eugene Davis* and *E. J. Farley*, for appellant.

*E. W. Robertson* and *T. T. Grant*, for respondent.

Bridges, J.—In April, 1921, one Cowhick, a resident of the state of California, sold a certain automobile to one Katzung, also a resident of California.  The sale was evidenced by a written conditional sales contract, which provided, among other things, that the purchaser should be entitled to possession, although the title was reserved in the vendor until the purchase price was paid.  It also provided that the automobile should not be taken from the state of California, where it then was.  A few days after the making of this contract, the vendor assigned and transferred to the appellant, Rodecker, as purchaser thereof, all of his right, title and interest in the contract and the automobile covered by it.  Under the laws and decisions of the highest court of California, a contract of conditional sale is

[1]Reported in 215 Pac. 364.

valid, not only as between the parties thereto, but also as to innocent purchasers for value, without any filing or recording in that state. The contract in all things complied with the laws of California. The purchaser failed to make the required payments. On the contrary, and in violation of the express terms of the contract, and without any knowledge on the part of the assignee of the contract, the vendee brought the car to Spokane, in this state, where it was sold to one Malotte, who in turn sold it to the respondent, Jannah, both of whom were *bona fide* purchasers without notice. The assignee of the contract (the appellant), learning that the car was in the possession of the respondent, took possession of it, and in an action which was subsequently brought, the sole question involved was whether the appellant had a better title than the respondent, who was a *bona fide* purchaser in Spokane. The court found for respondent.

The question appears to be a new one in this state. Our conditional sales statute, § 3790, Rem. Comp. Stat. [P. C. § 9767], read as follows:

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, while the property is placed in the possession of the vendee, shall be absolute as to all *bona fide* purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have or claim to have a lien upon such property, unless within ten days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

The great weight of authority is to the effect that a conditional sale of chattels, good in the state where made, though not recorded there because recording is

not required, is good and enforcible, as against an innocent purchaser, in a state to which the chattels are removed without the consent of the vendor, although registration of such conditional sale is required by the laws of the state to which the chattels have been removed.

In 24 R. C. L. 750, it is said:

"It is generally held that if a conditional sale is valid in the state where made, without recording, but the buyer, without the knowledge or consent of the seller, thereafter removes the property to another state, and there sells it to a *bona fide* purchaser, the seller may recover the property in that state, notwithstanding the conditional sale would have been invalid there for want of recording."

Substantially the same rule applies to property covered by a chattel mortgage. In 11 C. J. 424, it is stated:

"The great weight of authority is to the effect that a chattel mortgage, properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed by the mortgagor, unless there is some statute in that state to the contrary, or unless the transaction contravenes the settled law or policy of the forum."

The same authority gives Louisiana, Michigan, Pennsylvania and Texas as the only states holding to a contrary rule. For a statement of the rule with reference to chattel mortgages, see, also, 5 R. C. L. 399. The following are some of the authorities in support of the general rule with reference to conditional sales contracts, as we have stated it:

*Adams v. Fellers,* 88 S. C. 212, 70 S. E. 722, 35 L. R. A. (N. S.) 385, and note; *Studebaker Bros. Co.*

*v. Mau*, 133 Wyo. 358, 80 Pac. 151; *Parker-Harris Co. v. Stephens*, 205 Mo. App. 373, 224 S. W. 1036; *Lees v. Harding, Whitman & Co.*, 60 Atl. (N. J.) 352; *Cleveland Machine Works v. Lang*, 67 N. H. 348, 31 Atl. 20; *Dorntee Casket Co. v. Gunnison*, 69 N. H. 297, 45 Atl. 318; *Lane v. J. E. Roach's Banda Mexicana Co.*, 78 N. J. Eq. 439, 79 Atl. 365; *Harper v. People*, 2 Colo. App. 177, 29 Pac. 1040; *Baldwin v. Hill*, 4 Kan. App. 168, 46 Pac. 327; *Shapard v. Hynes*, 104 Fed. 449; Mechem on Sales, vol. 1, § 649. As applied particularly to conditional sales contracts, the cases out of harmony with the great weight of authority are the following from Texas: *Sanger v. Jesse French Piano & Organ Co.*, 21 Tex. Civ. App. 523, 52 S. W. 621; *Willys-Overland Co. v. Chapman*, 206 S. W. (Tex.) 978; *Chambers v. Consolidated Garage Co.*, 210 S. W. (Tex. Civ. App.) 565. It is also probable that the state of Illinois refuses to follow the weight of authority. *Judy v. Evans*, 109 Ill. App. 154; *Merz v. Stewart*, 211 Ill. App. 508. In a general way, this court, in the case of *Jones v. North Pacific Fish & Oil Co.*, 42 Wash. 332, 84 Pac. 1122, 114 Am. St. 131, 6 L. R. A. (N. S.) 940, recognizes the doctrine announced by the majority of the courts, although the question was not directly decided.

Some of the states hold that the majority rule is not applicable and will not be followed where, at the time of the making of the conditional sales contract or chattel mortgage, it is understood that the property is to be removed to another state, or where, after the making of the contract or mortgage, the property is so removed with the knowledge or consent of the vendor or mortgagor. Since the contract involved here expressly provided that the automobile should not be removed from the state of California until the whole of the purchase. price was paid, and the testimony

shows it was so removed without the knowledge or consent of the vendor, these exceptions to the general rule are not applicable to this case and we need not decide whether they would alter the general rule.

To hold that the conditional sales contract, good in California, where made, without being recorded, will be enforced in this state is not in violation of the public policy of this state as evidenced by our statutes or our decisions. Manifestly, our conditional sale statute was intended to apply only to sales taking place within this state, and has no reference to sales taking place in other states where the parties thereto reside and where the thing sold was at the time of the sale.

The assignment to the appellant was not only of the contract itself, but also of "all right, title and interest in and to the property therein described." He thereby became the owner of the automobile. *State Bank of Black Diamond v. Johnson,* 104 Wash. 550, 177 Pac. 340, 3 A. L. R. 235.

We are content to follow the rule as laid down by the great majority of the courts.

The judgment is reversed, and the cause remanded with instructions to enter judgment for the appellant.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.