## MESKIMAN v. ADAMS.

[No. 12,138.   Filed October 7, 1925.]

1. FRAUDULENT CONVEYANCES.—*Evidence held not so free from suspicion as to warrant reversal of judgment holding transfer fraudulent.*—Evidence of transfer of automobile by a mother to her daughter for an alleged consideration, *held* not so free from suspicion as to warrant an appellate tribunal in reversing a judgment holding that it was still the property of the mother.   p. 448.

2. EVIDENCE.—*Certificate of title to automobile issued by Secretary of State not conclusive proof of ownership of car.*—A certificate of title to an automobile issued by the Secretary of State is not conclusive proof of the ownership of the car and may be collaterally attacked.   p. 448.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by Irene Meskiman against Harry C. Adams. From a judgment for defendant, the plaintiff appeals. *Affirmed.*   By the court in banc.

*Thomas Duncan, James Prentiss Duncan* and *Harry R. Lewis,* for appellant.

*Harvey H. Harmon, Samuel M. Emison* and *James M. House,* for appellee.

McMAHAN, J.—Action by appellant in replevin for an automobile alleged to be the property of appellant and which appellee as sheriff had levied upon and was threatening to sell to satisfy a judgment against appel-

lant's mother.    From a judgment in favor of appellee, appellant appeals.    The error assigned is the overruling of the motion for a new trial, the specifications of which are, that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

In February, 1921, the automobile was found in the possession of appellant's father who had been arrested for an alleged violation of the prohibition law.

1.   The officers making the arrest took possession of the automobile claiming it had been used in the illicit   transportation   of   intoxicating   liquor.    Mrs. Meskiman brought an action in replevin against the officers having possession of the automobile, and in March, 1921, judgment was rendered in her favor.    In September, 1922, the attorney who represented Mrs. Meskiman in that action brought suit against her for the value of his services and attached the automobile as the property of Mrs. Meskiman.    Judgment having been rendered in that action for the plaintiff and ordering the attached property sold, appellant brought this action. On the trial, she, together with her father and mother, testified that her mother gave her the automobile in June, 1921, as an inducement for her to join with the mother in the execution of a mortgage on certain real estate in which appellant and her mother had an interest.    She also introduced in evidence a certificate of title issued to her by the secretary of state in October, 1921.    The court evidently was not impressed with the bona fides of this transaction.    Without going into a detailed statement of the evidence, it suffices to say that the alleged transfer to appellant is not so free from suspicion as to warrant us in saying the decision of the court is not sustained by the evidence.    And, if sustained by the evidence, it is not contrary to law.

Appellant insists that the certificate issued to her by the secretary of state was sufficient proof of her title,

that such certificate is conclusive proof of her
2.   title and cannot be collaterally attacked.   Appellant seeks to give the same force and effect to the certificate issued by the secretary of state under the automobile law as are given to patents for lands issued by the national government.   We cannot concur in this contention.   Such patents convey title.   Not so with a certificate of title issued by the secretary of state for an automobile.

Judgment affirmed.