## A. E. SILVER AND OTHERS v. JAMES McDONALD.
## SHELLY ELEVATOR, STOCK & LUMBER COMPANY, GARNISHEE.
## FARMERS STATE BANK OF SHELLY, INTERVENER.[1]

October 28, 1927.

No. 26,204.

**Record of chattel mortgage in foreign state constructive notice after removal of chattels to Minnesota.**

[1]   Keenan v. Stimson, 32 Minn. 377, followed, that a chattel mortgage duly filed so as to constitute constructive notice under the law of the state where the property is situate when the mortgage is filed will furnish like constructive notice even though the property is thereafter removed to this state.

**Conduct of parties amounted to mortgagee taking possession of the harvested grain crop.**

[2]   The chattel mortgage in this case was upon a crop growing in Traill county, North Dakota. When the crop was about to be threshed the mortgagee made an arrangement with the mortgagor to haul the grain to the elevator of the garnishee at Shelly, Minnesota, and store it as the mortgagee's grain. The arrangement evidenced a taking possession by the mortgagee rather than a forfeiture or waiver of its rights. The consent to a sale of the grain after garnishment did not change the status of any party to the suit.

Chattel Mortgages, 11 C. J. p. 424 n. 7; p. 425 n. 10; p. 624 n. 35.

See note in 64 L. R. A. 356; 6 L.R.A.(N.S.) 940; 35 L.R.A.(N.S.) 386; L. R. A. 1917D, 942; 5 R. C. L. 400; 4 R. C. L. Supp. 327.

Plaintiffs appealed from an order of the district court for Norman county, Grindeland, J., denying their motion for a new trial. Affirmed.

*A. O. Ueland,* for appellants.

*M. A. Brattland* and *A. D. Brattland,* for intervener.

[1]Reported in 215 N. W. 844.

Holt, J.

Plaintiffs, judgment creditors of defendant, garnisheed an elevator company at Shelly, Minnesota, and the Farmers State Bank of Shelly intervened, claiming the grain held by the garnishee. The court made findings in favor of the intervener. Plaintiffs appeal from the order denying their motion for a new trial.

The grain was raised by defendant on his farm in Traill county, North Dakota. His market town was Shelly, Minnesota. Intervener held a chattel mortgage, duly filed for record in Traill county as prescribed by the laws of North Dakota, when the plaintiffs served the garnishee summons. The questions presented, according to appellants' contention, are whether they had constructive notice of the chattel mortgage of the intervener when the garnishee summons was served and whether, if such they had, the intervener waived its lien when consenting to the removal of the grain into Minnesota.

[1] The evidence as to actual notice of the chattel mortgage was in conflict; and since there was no finding in that respect appellants contend that respondent must rely on constructive notice. For the purposes of this decision we may assume this to be so.

We think it settled law in this state since the decision of Keenan v. Stimson, 32 Minn. 377, 20 N. W. 364, that a chattel mortgage duly filed or recorded conformable to the laws of the state where executed and there conveying constructive notice will continue to have the same effect although the property thereby covered is removed to this state. This decision was placed upon the rule of comity between the states. That decision has stood now for over 40 years without any attempt by either the courts or the legislatures to change it; and so far as the courts go it should remain in effect. There is no question made but that under the law of North Dakota this mortgage operated as constructive notice, for it was unquestionably filed at the proper place and in the proper manner and the North Dakota statute provides:

"The filing of a mortgage of personal property in conformity with the provisions of this article operates as a notice thereof to all

subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section, situated in the county or counties wherein such mortgage or an authenticated copy thereof is filed." (N. D. Comp. L. 1913, § 6759.) The preceding section specifies that the mortgage is to be filed in the office of the register of deeds where the property covered is situate.

[2] Appellants contend that this case is to be distinguished from the Keenan case because the mortgagee consented to a removal of the property to this state and thereby forfeited or waived its rights. This contention is not sound. The property mortgaged was a growing crop. When harvested and threshed on the farm where grown it was either to be stored on the farm or, what is the usual thing, at the nearest elevator or market point. The garnishee's elevator was the nearest market or storage place to this farm. What the mortgagee, the intervener, did was to assert its right to take possession of the crop when it was about to be threshed, and arrange with the mortgagor to haul it from the machine to the garnishee's elevator and have the grain stored as intervener's. The garnishee was notified by the intervener to issue storage tickets to it. Scale tickets were given by the man in charge of the elevator for each load hauled. These bore the mortgagor's name and were turned over by him to intervener. Storage tickets were issued by the garnishee in the names of the mortgagor and the intervener, but had not been delivered when the garnishee summons was served. It is clear that there was not any consent by the mortgagee to the mortgagor's moving the property into Minnesota and to the latter's retaining possession when so moved. On the contrary, it was as much a taking possession by the mortgagee as the nature of the property admitted and at the time when it could be most readily done with the least trouble and expense to both mortgagor and mortgagee. Therefore cases cited by appellant like Pennington Co. Bank v. Bauman, 87 Neb. 25, 126 N. W. 654; Snyder v. Yates, 112 Tenn. 309, 79 S. W. 796, 64 L. R. A. 353, 105 A. S. R. 941; Jones v. North Pac. F. & O. Co. 42 Wash. 332, 84 P. 1122, 6 L.R.A. (N.S.) 940, 114 A. S. R. 131, are not in point. As bearing upon the Nebraska

and Washington decisions there may be added Farmers & Mer. State Bank v. Sutherlin, 93 Neb. 707, 141 N. W. 827, 46 L.R.A. (N.S.) 95, Ann. Cas. 1914B, 250; Rodecker v. Jannah, 125 Wash. 137, 215 P. 364.

There is nothing to the point that the mortgagee consented to a sale of the grain by the mortgagor. Even though the mortgagee had taken possession, the mortgagor had an interest in having the grain sold at a price satisfactory to him. After the garnishment, the grain was sold with the consent of plaintiffs and intervener and at the price which was satisfactory to the mortgagor. The garnishee was to hold the money in place of the grain. The mortgagee never consented that the mortgagor could make a sale for his use. The instant case is much stronger on the facts in favor of the intervener than Wilson v. Geiss, 153 Minn. 211, 190 N. W. 61, where the mortgagee's rights were held superior to an attaching creditor of the mortgagor, although the mortgagor had taken an active part in arranging for a sale of the property, and which had actually been sold when the attachment was levied.

The order is affirmed.