LaPorte Discount Corporation *v.* Bessinger.

[No. 13,690. Filed May 14, 1930. Rehearing denied September 4, 1930.]

*Isadore E. Levine* and *Hickey, Wolfe & Dilworth*, for appellant.

*Ralph N. Smith, Ben C. Rees* and *Russell W. Smith*, for appellee.

Lockyear, J.—Appellee filed a complaint against appellant in two paragraphs; the first paragraph was for the replevin of a certain automobile, of which it is alleged appellee was the owner and entitled to the possession, and of which appellant wrongfully obtained and held possession; the second paragraph was for the conversion of the same automobile, which it is alleged ap-

pellant obtained from appellee and converted to its own use.

There was a trial by the court and a finding and judgment against appellant on the second paragraph of complaint for $650, and judgment was rendered for said amount.

The alleged error that we need to consider is the overruling of appellant's motion for a new trial on the grounds, among other things, that the finding of the court is not sustained by sufficient evidence and is contrary to law.

Appellant is a corporation engaged in the business of purchasing commercial paper, conditional-sales contracts, etc. Lawrence Brothers are automobile dealers, and are the owners and operators of a garage and automobile-sales agency in Plymouth, Indiana. One Harry Orr was a salesman for the said Lawrence Brothers.

Garnie Bessinger, appellee, testified that he lives at Bourbon, Indiana; that, on April 13, 1927, he signed and delivered to Lawrence Brothers a written order for a Pontiac coach, Tudor automobile, it being the one in question, for which he gave them a Ford sedan and $415 in cash.

The car was delivered to appellee about April 26, 1927; a day or two later, a certificate or application for certificate of title was delivered to him. On that day, he made an application for a transfer of license. Some time the first of June, one of the firm of Lawrence Brothers, the same one who sold the automobile to appellee, together with the salesman, Orr, called on appellee and asked to borrow the automobile to demonstrate it to a prospective customer. Appellee loaned it to them, but they never returned it to him. It developed that, in the meantime, on April 21, 1927, the agent Orr signed an order to Lawrence Brothers for the same car, executed his note therefor in the sum of $572.50 under a contract that the

title of said automobile was to remain in Lawrence Brothers, and the contract and note were assigned to appellant herein. The note was not paid, and appellant took possession of the automobile without the consent of appellee.

Appellant in this case was in the business of loaning money and not dealing in merchandise. The note it purchased was secured by the conditional contract of sale to the agent of Lawrence Brothers. Appellant did not take possession of the automobile, but allowed it to remain in possession of Lawrence Brothers, on the floor of the salesroom with other cars being offered for sale to the general public, including appellee. Appellant, in addition to the above fact, never required any compliance with the certificate of title act to protect itself from any sale to appellee or any other innocent purchaser in the regular course of trade.

We agree that appellant was defrauded, but, having left the car in possession of Lawrence Brothers, and having failed to secure a certificate of title as required by law, we hold that appellee's title is superior to that of appellant and cite in support thereof the following cases: *Indiana, etc., Securities Co.* v. *Whisman* (1923), 85 Ind. App. 109, 138 N. E. 512; *Guaranty Discount Corp.* v. *Bowers* (1927), 158 N. E. (Ind. App.) 231; *Gump Investment Co.* v. *Jackson* (1925), 142 Va. 190, 128 S. E. 506, 47 A. L. R. 82.

Judgment affirmed.