[No. 23614. Department Two. April 8, 1932.]

G. A. CAMPBELL COMPANY, *Appellant,* v. E. G. FRETS
*et al., Respondents.*[1]

*C. J. Henderson* and *Alfred McBee,* for appellant.
*R. V. Welts* and *Warren J. Gilbert,* for respondents.

BEALS, J.—The facts giving rise to this litigation are as follows: One Floyd Skeen, being at the time temporarily residing in the town of Cole, South Dakota, purchased at Hettinger, North Dakota, from Hettinger Auto Company, under contract of conditional sale, dated September 20, 1929, a Pontiac automobile. The purchase price of the car was $550, of which two hundred dollars was paid in cash, the balance payable in twelve installments of $29.17 each. The contract between the parties was entered into in view of the fact that the purchaser was residing in South Dakota.

[1]Reported in 9 P. (2d) 1083.

Possession of the machine was delivered to Mr. Skeen, who took it with him to Cole, whence, after a few days, he drove the car to the state of Washington, where, by bill of sale bearing date October 9, 1929, he sold the car to plaintiff, a Washington corporation engaged in business as a dealer in automobiles in the city of Mount Vernon. Plaintiff, at the time it purchased the car from Skeen, had no knowledge of the existence of the contract of conditional sale under which Mr. Skeen had obtained possession of the car, but accepted his oral assurance that the car was his, and in all good faith assumed that Mr. Skeen had a perfect right to dispose of the property.

Almost immediately after the conditional sale of the car to Mr. Skeen, the vendor, Hettinger Auto Company, transferred and assigned the contract to Aberdeen Finance Company, a corporation maintaining its principal place of business at Aberdeen, South Dakota, and December 28, 1929, defendant E. G. Frets, acting as agent of Aberdeen Finance Company, took possession of the automobile, claiming the same under the original contract of conditional sale, which then was, and for some time had been, in default.

Plaintiff sued defendants in conversion, claiming damages as for an alleged wrongful taking of the automobile. Trial of the action to the court sitting without a jury resulted in judgment in favor of defendants, dismissing the action, from which judgment plaintiff appeals.

Appellant assigns error upon the admission of testimony, and upon the entry of findings of fact in favor of respondents. The sole question which need be considered is whether or not the record contains competent evidence which supports the findings of fact, conclusions of law and judgment in respondents' favor.

578

The original contract of conditional sale between Hettinger Auto Company and Skeen, dated September 20, 1929, was introduced in evidence and is before us. This contract was regularly filed in the office of the register of deeds of Perkins county, South Dakota, that being the county in which the town of Cole is situated. By stipulation of the parties, certain sections of the statute law of South Dakota in force from and after the date of delivery of the automobile to Mr. Skeen were made a part of the record herein, and are before us for consideration.

Appellant introduced in evidence an original "certificate of title of motor vehicle," bearing date May 24, 1928, issued to Cletus Connery by the secretary of state of South Dakota, whereby that official certified that he was "satisfied that the applicant is the lawful owner of said motor vehicle or motorcycle, or is otherwise entitled to have same registered in his name." This certificate covered the automobile with which we are here concerned, and was issued to Cletus Connery, showing title in him, subject to a chattel mortgage in the sum of $440.

The reverse of the certificate bears an "assignment of title" from Mr. Connery to Hettinger Auto Company, and an assignment bearing date September 24, 1929, from that company to Floyd Skeen. The material portion of the latter assignment reads as follows:

"Assignment by Licensed Dealer Only.

"For value received, I (we) hereby sell, assign and transfer unto (Name of Purchaser) Floyd Skeen, address, Cole, S. D., the motor vehicle or motorcycle described on the reverse side of this Certificate of Title, and I (we) hereby warrant the title of said motor vehicle or motorcycle, and certify that at the time of delivery the same is subject to the following liens or

encumbrances, if any, and none other: (Amount) $............................................ (Kind) Conditional sale Contract. (Date) Sept. 21, 1929. (Favor of) Hettinger Auto Co. (Address) Hettinger, N. D.''

It is not contended that this certificate or any other instruments of title affecting the car were exhibited to appellant's agents or referred to at the time of the sale and delivery of the car to appellant. For the purposes of this opinion, we assume that the assignment of the contract from Hettinger Auto Company to Aberdeen Finance Company was not completed until after September 24, 1929, the date of the acknowledgment of the ''assignment'' to Mr. Skeen endorsed upon the certificate of title.

Appellant vigorously contends that, by this last mentioned assignment to Mr. Skeen, the title to the automobile became vested in him, this assignment antedating, as we assume, the transfer of the contract of conditional sale to Aberdeen Finance Company. We cannot agree with this contention. As appellant had no knowledge of the assignment as endorsed on the certificate of title, the same can avail it only if we should hold that, in law, this assignment effectively vested title to the car in Mr. Skeen. This we cannot hold.

The assignment purports to ''sell, assign and transfer unto'' Floyd Skeen the motor vehicle described in the certificate of title on the reverse side of the paper bearing the assignment, and affirmatively shows that the automobile was subject to a conditional sales contract dated September 21, 1929, in favor of Hettinger Auto Company, the assignment being executed by that same company, which the assignment shows carried a dealer's license. Upon the certificate of title is printed a notice to the effect that any person operating a motor vehicle without first securing a cer-

tificate of title is subject to a fine, and that, in case of sale or transfer of ownership of the machine, "the proper assignment must be filled out and a new certificate secured from the secretary of state."

It clearly appears, then, from the certificate itself, considered as a whole, that the person who proposed to operate thereunder the motor vehicle described in the original certificate—in this instance, Floyd Skeen —was required, under the law of South Dakota, to secure a new certificate of title, and that the person, in order to procure such a certificate, was compelled to exhibit an "assignment" which would authorize the issuance to him of the new certificate of title. Under these circumstances, we hold that the certificate of title, together with the endorsements thereon, which was introduced in evidence by appellant, tends to prove no more than the fact that Floyd Skeen was entitled to receive in his own name from the secretary of state a new certificate of title.

It is true that the assignment was inartistically drawn, but, under the circumstances here shown, and in the absence of any element of estoppel which would operate to the benefit of appellant, it cannot be held that the record shows a transfer of the title to the automobile from Hettinger Auto Company to Floyd Skeen. It is true that the assignment contains the words "sell, assign and transfer," but at the same time it shows the existence of a conditional sales contract in favor of the assignor, Hettinger Auto Company. To say the least, the "assignment" is ambiguous, and we are clearly of the opinion that it is insufficient to support appellant's claim of ownership.

A somewhat similar question was considered by the appellate court of Indiana, sitting *En Banc,* in the case of *Meskiman v. Adams,* 83 Ind. App. 447, 149 N. E. 93. In the course of its opinion, the court said:

"Appellant insists that the certificate issued to her by the secretary of state was sufficient proof of her title, that such certificate is conclusive proof of her title and cannot be collaterally attacked. Appellant seeks to give the same force and effect to the certificate issued by the secretary of state under the automobile law as are given to patents for lands issued by the national government. We cannot concur in this contention. Such patents convey title. Not so with a certificate of title issued by the secretary of state for an automobile."

The requirement of such a certificate of title as that with which we are here concerned is in the nature of a police regulation, and manifestly has little to do with the question of transfer of the title to personal property. The person to whom the certificate is issued may be the owner of the vehicle, or may be "otherwise entitled to have the same registered in his name." *Bond Lumber Co. v. Timmons,* 82 Mont. 497, 267 Pac. 802.

█ In the next place, appellant contends that, because the original contract of conditional sale which was assigned to Aberdeen Finance Company, under which respondents claim, provides that the seller may take possession of the property conditionally sold and resell the same, and may thereafter recover judgment against the purchaser for any deficiency remaining due after the application of the proceeds of the property, this court must hold, under the rule laid down in *West American Finance Co. v. Finstad,* 146 Wash. 315, 262 Pac. 636, that the contract of conditional sale must be held to be no more than a chattel mortgage, and that thereby the title to the automobile became vested in Mr. Skeen.

It clearly appears from the evidence that the contract was made in the state of North Dakota, and that it was contemplated by the parties that Mr. Skeen would take the automobile which he was purchasing

into the state of South Dakota. From the sections of the statute of the latter state pleaded and by stipulation made a part of this record, it appears that such a contract of conditional sale as is here before us is valid as a contract of conditional sale in the state of South Dakota, within which state the contract was regularly filed in the office of the register of deeds of the proper county.

The contract, being a valid contract of conditional sale under the laws of the state of South Dakota, and having been executed by the parties to be carried out in that state, must be held to be valid and enforceable within the state of Washington. *Rodecker v. Jannah,* 125 Wash. 137, 215 Pac. 364; *Sound Industrial Loan Co. v. Allyn,* 149 Wash. 123, 270 Pac. 295.

The trial court correctly held that appellant failed to prove its right to any recovery in this action.

Judgment affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.