[No. 33645. Department One. May 23, 1957.]

RAYMOND D. ISAACS *et al., Respondents,* v. MACK MOTOR TRUCK CORPORATION, *Appellant.*[1]

[1]Reported in 311 P. (2d) 663.

 ▬

*Sanford Clement,* for appellant.

*Garver & Garver,* for respondents.

SCHWELLENBACH, J.—March 31, 1952, Mack Motor Truck Corporation sold a new truck in the state of Oregon to A. E. Robb and Ira Bennett, doing business as Robb & Skov Logging Company. To secure a balance owing on the purchase price, the purchasers, on the same day, executed a chattel mortgage to the seller, covering the truck purchased. On April 2, 1952, the chattel mortgage was filed for record in the office of the clerk of Multnomah county, Oregon. The mortgage did not contain an affidavit of good faith. Under the laws of Oregon, such an affidavit is not required.

In April, 1953, the logging company moved its operations to this state, bringing the truck with it. There is a dispute as to whether the defendant had knowledge of the removal prior to June 25, 1953.

July 10, 1953, defendant caused its mortgage to be filed in the office of the auditor of Clark county. Immediately thereafter, it commenced foreclosure action by notice and sale. At about the same time, plaintiffs caused the sheriff of Clark county to attach the truck in another action, instituted to collect certain claims and accounts incurred by the mortgagors prior to July 10, 1953, the date the mortgage was filed in this state. The attaching creditors then commenced this action to enjoin the sale of the truck under the mortgage foreclosure. A temporary injunction was issued. Upon application, the foreclosure proceedings were transferred to the superior court, and the issues were tried together. The temporary injunction was dissolved on the stipulation of the parties that if it were held that the attachment of the plaintiffs was prior and/or superior to the chattel mortgage of the defendant, the defendant would pay to the plaintiffs the amount of their claim against Robb and Bennett.

The complaint alleged that the mortgage was void under the laws of this state, in that it was not recorded here for

many months after its execution, and because it lacked an affidavit of good faith. The answer set forth certain statutes of Oregon pertaining to chattel mortgages in that state, and alleged the execution of the mortgage in Oregon in accordance therewith. It further alleged that the truck was discovered in this state about July 5, 1953; the filing of the chattel mortgage in this state on July 10, 1953; and that the truck was removed from Oregon without the consent of the defendant.

The reply alleged that the defendant had knowledge of, and acquiesced in, the removal of the truck to this state.

The trial court decided that it was unnecessary to make a finding on the question of defendant's knowledge of removal. It concluded that the mortgage was void as against plaintiffs, attaching creditors, because it lacked an affidavit of good faith, and because plaintiffs did not have actual notice of the mortgage. Judgment was entered for the plaintiffs in the amount of their claim, and this appeal follows.

Appellant contends that the trial court erred in holding the mortgage void, as against the attaching creditors, in that it did not comply with our statute relating to the execution and filing of chattel mortgages.

Section 1, chapter 284, Laws of 1943, p. 899 (*cf.* RCW 61-.04.020) provides in part:

"(a) A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the County Auditor of the county in which the mortgaged property is situated as provided by law."

■ We, of course, are here concerned with the validity of a chattel mortgage executed in a neighboring state, on property located there. The general rule is succinctly stated in 10 Am. Jur. 728, Chattel Mortgages, § 19:

"As in the case of contracts generally, the validity of a chattel mortgage is determined by the law of the place where it was made if the property was located there at the time of its execution, while the law of the forum governs the remedy. Thus, a chattel mortgage valid where made is a valid and legal instrument in another state, even though it is not executed with the formalities or accompanied by the affidavit of good faith required by the statutes of the latter state. The law of the place where an acknowledgment of a mortgage is taken has been held to control in determining its sufficiency."

See *Mercantile Acceptance Co. v. Frank,* 203 Cal. 483, 265 Pac. 190, 57 A. L. R. 696; also Annotation, 57 A. L. R. 702.

■ The trial court erred in holding the chattel mortgage invalid because it lacked an affidavit of good faith. The mortgage was valid in Oregon and is valid here.

We now concern ourselves with the priority of lien rights in this state as between the mortgagee and the attaching creditors.

■ By the great weight of authority a valid lien created by a chattel mortgage upon property within the state in which the mortgage is executed remains good and effectual after its removal to another state, as against creditors of the mortgagor, or other third persons within the protection of the filing or recording statutes of that state. 10 Am. Jur. 729, Chattel Mortgages, § 21; *Mercantile Acceptance Co. v. Frank, supra.* This, of course, is a rule of comity, and may be overcome by some statute to the contrary in the state to which the property is removed, or by its public policy. There is no statute in Washington relating to personal property brought into this state from another jurisdiction.

*Jones v. North Pac. Fish & Oil Co.,* 42 Wash. 332, 84 Pac. 1122, was an action in which was involved the right of the mortgagee under a chattel mortgage executed in Alaska to enforce that mortgage in the courts of the state of Washington after the property had been brought to this state with the mortgagee's consent. In holding that the lien of the mortgagee was inferior to that of attaching creditors of the mortgagor in this state, we said:

"A mortgage duly executed and recorded in one state is given effect in another by virtue of the rule of comity that exists between the states, and applies only in cases where the removal is made without the knowledge or consent of the mortgagee."

*Sound Industrial Loan Co. v. Frank Allyn, Inc.*, 149 Wash. 123, 270 Pac. 295, involved a conditional sale of an automobile, executed in California, and the subsequent removal of the car to this state without the seller's consent. (The same rule applies, concerning this problem, to property covered by a chattel mortgage and by a conditional sale. See *Rodecker v. Jannah*, 125 Wash. 137, 215 Pac. 364.) We there stated:

"If the contract of sale is made in one jurisdiction, and consent is given to the removal of the property contracted to be sold into another jurisdiction, the contract is invalid as to the creditors of the vendee and purchasers of the property in good faith of the latter jurisdiction, unless its laws relative to such contracts have been complied with; this, on the principle that it is against the policy of the state to permit its laws to be knowingly violated. It must follow, we think, from the same principle, that, if property sold under a contract of conditional sale in one jurisdiction is removed to another without the consent of the seller, and the seller, after learning of its whereabouts, delays unreasonably to comply with the laws of the latter jurisdiction, or delays unreasonably in asserting his right to the possession of the property, the contract becomes invalid as against the creditors of the vendee in the contract and subsequent purchasers of the property from the vendee."

■ Where personal property, subject to a valid chattel mortgage executed in another state, is removed to this state, the lien of the mortgagee will be superior to that of an attaching creditor of the mortgagor in this state, for goods or services rendered without notice of the chattel mortgage, *only* if the mortgaged property is removed without the knowledge or consent of the mortgagee and he, after learning of its whereabouts, complies with our filing laws or proceeds to assert his rights under the mortgage, without unreasonable delay.

■ As heretofore stated, the trial court decided that it was unnecessary to make a finding on the question of defendant's knowledge of removal, in view of its conclusion that the mortgage was void as against plaintiffs. The chattel mortgage contains a provision requiring the consent of the mortgagee to removal of the mortgaged property outside of Multnomah county, Oregon, and giving the mortgagee the right of possession of the mortgaged property upon violation of such provision. The evidence is conflicting as to when the appellant knew, or had reason to know, that the truck in question had been removed to this state, and whether or not a demand had ever been made upon the mortgagors to return it. The question of appellant's diligence must be decided before a determination can be made as to the priority of the lien rights of the parties to this action. It is not the function of this court to pass upon such issues of fact before the trial court has evaluated them. *Kerns v. Pickett,* 47 Wn. (2d) 184, 287 P.( 2d) 88.

The judgment is reversed and the cause remanded for appropriate findings, conclusions, and judgment in accordance with the views expressed herein. If necessary, the trial court may receive additional evidence from which to make its findings.

Costs of this appeal will abide the result.

DONWORTH, FINLEY, ROSELLINI, and FOSTER, JJ., concur.